UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DIONTAE D. DAVIS,

       Petitioner,                            Case No. 1:24-cv-10669

v.                                              Honorable Thomas L. Ludington
                                                 United States District Judge

FEDERAL BUREAU OF PRISONS,

       Respondent.
_____/

**OPINION AND ORDER DISMISSING WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION TO APPOINT COUNSEL**

Before this Court is Petitioner Diontae Davis's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and Motion to Appoint Counsel to assist with his Petition. Petitioner filed these papers while confined at FCI Beckley in West Virginia. As explained below, the Petition will be dismissed without prejudice, and Petitioner's Motion to Appoint Counsel will be denied as moot.

**I.**

In 2021, Petitioner Diontae Davis pleaded guilty to possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). *United States v. Davis*, Case No. 20-cr-20595 (E.D. Mich.), ECF No. 38. On March 21, 2022, Judge George Caram Steeh sentenced Petitioner to 55 months imprisonment, followed by 3 years of supervised release. *Id.*, ECF No. 48 at PageID.322. Following sentencing, the Federal Bureau of Prisons (BOP) placed Petitioner in confinement at FCI Beckley in West Virginia. *See* ECF No. 1 at PageID.1.

While confined at FCI Beckley, on March 15, 2024, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *Id.* This Petition alleges four claims for habeas relief. *Id.* at PageID.6–7. In his first and second claims, Petitioner challenges the sentencing courts' scoring

of his sentencing guidelines. *See id.* at PageID.6. Though open to interpretation, Petitioner seemingly asserts that his trial counsel misinformed him about sentencing implications when he pleaded guilty to support these two claims. *See id.* Petitioner's third claim concerns the loss of good conduct time in the BOP. *Id.* And Petitioner's fourth claim asserts that his conviction violates his Second Amendment rights. *Id.* at PageID.7. Besides these claims, in his Petition, Petitioner noted that he lacks legal representation in pursuing this habeas relief. *Id.* at PageID.3. So, on April 29, 2024, Petitioner filed a motion to appoint counsel to assist him with his Petition. ECF No. 5.

## II.

This Court lacks authority over Petitioner's claims. Under 28 U.S.C. § 2241, district courts are limited to granting habeas relief "within their respective jurisdictions." *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (citing 28 U.S.C. § 2241(a)). As a result, when a petitioner challenges how the confining authority executes his sentence, "jurisdiction lies in only one district: the district of confinement." *Id.* at 443. Thus, to the extent that Petitioner seeks habeas relief against Respondent for his loss of good conduct time in FCI Beckley—as he does in his third claim, *see* ECF No. 1 at PageID.6—the Southern District of West Virginia is the only district where he can bring his challenge. *See* 28 U.S.C. § 129(b).

To the extent Petitioner wishes to challenge his conviction or sentence—as he seemingly does in his first, second, and fourth claims, see ECF No. 1 at Page ID.6–7—28 U.S.C. § 2255 is the proper vehicle, not 28 U.S.C. § 2241. *See Ivory v. Bureau of Prisons*, No. 3:21-CV-11048, 2021 WL 3885782, at *2 (E.D. Mich. Aug. 31, 2021) (A "motion to vacate sentence under § 2255 is the proper avenue for relief as to a federal inmate's claims that his sentence was imposed in violation of the federal constitution or laws."). And a petitioner must present "[a] motion under § 2255 . . . to the judge who presided at the original conviction and sentencing of the prisoner." *Id.*

at *3. So Petitioner must present his remaining claims in a § 2255 motion to Judge Steeh, and this Court notes that Petitioner has done so since filing this Petition. *See United States v. Davis*, Case No. 20-cr-20595 (E.D. Mich.), ECF No. 51.

In sum, because this Court lacks authority over Petitioner's Petition, ECF No. 1, the Petition will be dismissed without prejudice. And because the Petition will be dismissed, Petitioner's Motion to Appoint Counsel, ECF No. 5, will be denied as moot.

### III.

Accordingly, it is **ORDERED** that Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE.**

Further, it is **ORDERED** that Petitioner's Motion to Appoint of Counsel, ECF No. 5, is **DENIED AS MOOT.**

**This is a final order and closes the above-captioned case.**

Dated: October 17, 2024                     s/Thomas L. Ludington
                                            THOMAS L. LUDINGTON
                                            United States District Judge